IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RYAN SCOTT DAVIS,**<br><br>          Plaintiff,<br><br>     v.<br><br>**ANGELINA PLATAS; AMY SOTHERN; "JANE" MIRARCHI; "JANE DOE"; AND "JANE DOE",**<br><br>          Defendants. | Case No. 3:19-cv-1522-JR<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On June 16, 2020, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R), ECF 33, recommending Defendants Angelina Platas, Amy Sothern, and "Jane" Mirarchi's motions for summary judgment should be granted, and the remaining Doe Defendants should be dismissed. ECF 23; ECF 26. No party filed objections.

## DISCUSSION

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall

PAGE 1 – ORDER

make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

No party having filed objections, the Court has reviewed the F&R, ECF 33, and accepts Judge Russo's conclusions. The F&R, ECF 33, is adopted in full. Defendants' motions for summary judgement, ECF 23; ECF 26, are GRANTED. Further, Plaintiff's *in forma pauperis* status is revoked because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Finally, Plaintiff's claims against the unserved Doe Defendants are DISMISSED without prejudice for failure to obtain service. *See* Fed. R. Civ. P. 4(e), (m) (describing proper methods for service of process on an individual and requiring service within ninety days after the complaint is filed); *Oyama v. Sheehan*, 253 F.3d 507, 511–13 (9th Cir. 2001) (explaining the good cause standard and the district court's broad discretion to extend the time for service or dismiss without prejudice).

**IT IS SO ORDERED**.

DATED this 13th day of July, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 2 – ORDER